# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:07CR00008 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| CALVIN "SLEAZY" IBERSON, ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Defendant. ) | |

*Zachary T. Lee, Special Assistant United States Attorney, Abingdon, Virginia, for United States; Clifton L. Corker, Johnson City, Tennessee, for Defendant.*

The defendant is charged with possession with intent to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C.A. § 841(a)(1) (West 1999 & Supp. 2007). The government has filed an information pursuant to 21 U.S.C.A. § 851 (West 1999) seeking an enhanced punishment pursuant to 21 U.S.C.A. § 841(b)(1)(A) in the event that the defendant is convicted.

The defendant objects to the information on the ground that his prior state conviction was not for a "felony drug offense" within the meaning of 21 U.S.C.A. § 802(44) (West Supp. 2007), and thus he is not eligible for an enhanced punishment.

The defendant concedes that he was previously convicted in Guilford County, North Carolina, of separate counts of possession of cocaine and heroin, in violation of N.C. Gen. Stat. § 90-95(a)(3), -(d)(2) (2005). The defendant was sentenced to a

term of six to eight months imprisonment, which term was suspended and he was placed on supervised probation for thirty-six months.

While the offenses in question are called Class I felonies under North Carolina law, the defendant argues that under North Carolina's structured sentencing scheme, he was not eligible for a sentence of more than eight months, because he had no prior record and his offenses fell within the "presumptive" range of disposition. *See* N.C. Gen Stat. 15A-1340.17(c)(4) (2005). To be eligible for an enhanced sentence in this case, the defendant must have been convicted of "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs." 21 U.S.C.A. § 802(44).

It is true that the state's classification of a crime as a felony is not necessarily controlling, *see United States v. Burgess*, No. 04-4997, 2007 WL 726736, at *2-3 (4th Cir. Mar. 12, 2007) (holding that for purposes of § 841(b)(1)(A), a felony drug offense includes any crime punishable by more than one year of imprisonment, regardless of whether it is classified as a felony or a misdemeanor), but the law of this circuit teaches that the court should follow a generic rather than an individualized approach in construing the possible punishment for an offense. *See United States v. Harp*, 406 F.3d 242, 246 (4th Cir.), *cert. denied*, 126 S. Ct. 297 (2005). Under the

North Carolina sentencing scheme, it is possible for a defendant convicted of a Class I felony to be sentenced to up to fifteen months imprisonment. *See* N.C. Gen Stat. § 15A-1340.17(d) (2005). "[I]f *any* defendant charged with that crime could receive a sentence of more than one year" then the offense is punishable by imprisonment for more than one year. *Harp*, 406 F.3d at 246 (citing *United States v. Jones*, 195 F.3d 205, 206-07 (4th Cir. 1999)).

The *Harp* and *Jones* decisions were not construing § 802(44), but they were interpreting similar language in other sentencing contexts, and I find them controlling. *See United States v. Curry*, 213 F. App'x 181, 183 (4th Cir. 2007) (unpublished) (holding that *Harp* forecloses claim that North Carolina conviction for felony possession of cocaine did not qualify as a felony drug offense for the purposes of applying the enhanced penalty under § 841(b)).

For these reasons, it is **ORDERED** that Defendant's Objection to Use of Prior Conviction is DENIED.

    ENTER: May 21, 2007

    /s/ JAMES P. JONES
    Chief United States District Judge